118 N.J. Super. 323 (1972)
287 A.2d 463
JEREMIAH JONES, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE STATE OF NEW JERSEY; COUNTY OF OCEAN, NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 8, 1972.
Decided February 22, 1972.
*324 Before Judges LEWIS, HALPERN and LORA.
*325 Mr. Victor B. Bullen, staff attorney of Ocean County Legal Services, Inc., attorney for appellant (Mr. Denis J. Corbett, staff attorney, on the brief).
Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney for respondent (Mr. David S. Litwin, of counsel and on the brief).
PER CURIAM.
Appellant Jeremiah Jones has been a classified civil service employee as a sheriff's officer in Ocean County since February 23, 1967. By letter dated December 29, 1970 Joseph F. Weber, Personnel Director for Ocean County, notified appellant "that effective December 29, 1970 you are considered to have resigned your position by absenting yourself from duty without notice for the period December 18, 1970 to December 28, 1970 inclusive. You are advised that such resignation is treated as a resignation not in good standing." The letter did not notify appellant that he had 20 days within which to appeal to the Civil Service Commission from Weber's determination.
By letter dated January 5, 1971 (within the 20-day period) appellant's attorney wrote to Weber objecting to his determination because Weber was fully aware of appellant's previous accident and illness. He requested an answer to his letter but none was ever received from Weber. On February 1, 1971 appellant filed an appeal from Weber's determination with the Civil Service Commission and requested a hearing. By letter dated March 29, 1971 the Commission denied the request for a hearing since it was not received within 20 days, as required by the Civil Service rules.
Without reaching the constitutional issues raised by appellant with respect to the different hearing procedures and notices given classified employees discharged for cause and those discharged because they are deemed to have resigned due to five consecutive days' absence from work, we have concluded that basic fundamental fairness and due process, under the facts existing in this case, entitles appellant *326 to a hearing on Weber's determination. See Groppi v. Leslie, 404 U.S. 496, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972); Tibbs v. Bd. of Ed., Franklin Tp., 114 N.J. Super. 287 (App. Div. 1971), aff'd substantially for the reasons expressed by Judge Kolovsky, 59 N.J. 506 (1971); Juzek v. Hackensack Water Co., 48 N.J. 302, 314-315 (1966). The underlying philosophy of the Civil Service Act, N.J.S.A. 11:1-1 et seq., is to advance the welfare of the public and to protect permanent employees in the classified service by preventing their removal except for cause after due notice and hearing. Mason v. Civil Service Commission, 51 N.J. 115 (1968).
Reversed and remanded to the Civil Service Commission for a hearing on the merits. Jurisdiction is not retained.