262 N.J. Super. 438 (1993)
621 A.2d 87
IN THE MATTER OF JOHN J. ALLEN.
Superior Court of New Jersey, Appellate Division.
Submitted February 9, 1993.
Decided March 11, 1993.
*440 Before Judges MICHELS, BILDER and BAIME.
Ansell, Zaro, Bennett, Kenney & Grimm, attorneys for appellant (John O. Bennett, III, of counsel; Joseph H. Orlando, on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Mary C. Jacobson, Senior Deputy Attorney General, of counsel; June K. Forrest, Senior Deputy Attorney General, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
Hazlet Township appeals from a decision of the Merit System Board, ordering that John Allen, a police sergeant who had been retired on disability but who was no longer disabled, be reappointed to his former position upon the next vacancy and directing that his seniority be aggregated to include prior and current permanent service. Although phrased in a variety of ways, the Township contends that (1) Allen's petitions to the Department of Personnel (DOP) and to the Board were untimely, (2) the Board lacked jurisdiction to interpret N.J.S.A. 43:16A-8(2), a statute dealing with pension rights, (3) the Board failed to adhere to its own regulations but instead applied an internal policy statement that was not adopted pursuant to the Administrative Procedure Act (APA) (N.J.S.A. 52:14B-1 through 15), (4) the Board retroactively applied a current regulation which was not in effect when the dispute arose, and (5) Allen waived his right to be reinstated to his former position and is barred by the doctrine of laches and equitable estoppel. We find no merit in these arguments and affirm essentially for the reasons expressed by the Board in its decision as supplemented by its determination denying the Township's application for a stay. We hold that a public employee who returns from a disability retirement because his disability ceases should, to the *441 extent possible, be reinstated to his former position and be given full credit for his prior service.

I.
The salient facts are not in dispute. On March 1, 1988, Allen was placed on a one-year medical leave of absence from his permanent position as police sergeant. Allen applied to the Police and Fireman's Retirement System (PFRS) for an accidental disability retirement pension. Although PFRS denied that application, it found that Allen was permanently and totally disabled and thus granted him an ordinary disability retirement, effective March 1, 1988. During the pendency of Allen's appeal from that determination, his injury healed to the point that he was no longer disabled. On April 7, 1989, Allen sought reinstatement to his position as sergeant. While PFRS was reviewing that application, Allen initiated a series of inquiries to the DOP in which he repeatedly requested clarification respecting his right to return to his former position.
On October 19, 1989, PFRS determined that Allen was medically fit for re-employment. Allen continued to press the DOP for a definitive response to his requests for clarification, twice demanding hearings on the subject. The DOP ultimately advised the Township that Allen had no right to be restored to his prior position or to be credited with seniority for his prior service. The DOP did not send a copy of this letter to Allen and did not apprise him of his right to appeal.
Impatient with the ambiguity surrounding his status, Allen entered into an agreement with the Township wherein he was appointed to the position of police officer. Allen's appointment was effective on April 16, 1990. He was given no seniority for his prior service. Nor was he given any assurance that he would be accorded a preference for the next vacant sergeant's position.
Allen appealed to the Board on November 6, 1990, seeking reinstatement to his prior position as sergeant and seniority for *442 his aggregated service. In its written decision, the Board found that the Township should have re-employed Allen as of March 12, 1990, the date that two police officer positions were filled by the Township. Citing an internal policy statement (policy no. 16.13-1), the Board determined that Allen was entitled to his pre-disability service in addition to his service upon being returned to the police force for the purpose of seniority. Referring to N.J.S.A. 43:16A-8(2), which requires that a formerly disabled employee return to his "former duty or any other available duty" upon being restored to health, the Board directed the Township to reappoint Allen to the position of sergeant when the next vacancy occurred. This appeal followed.

II.
Initially, we reject the Township's argument that Allen's appeals to the DOP and to the Board were untimely. At the outset, we point out that there is no jurisdictional statutory timeline within which Allen was required to appeal. Although it has been said that the 20 day time constraint contained in N.J.S.A. 11A:2-15 is jurisdictional and cannot be relaxed, Borough of Park Ridge v. Salimone, 21 N.J. 28, 120 A.2d 721 (1956); but see Jones v. Dept. of Civil Service, 118 N.J. Super. 323, 287 A.2d 463 (App.Div. 1972), that section pertains to disciplinary matters. Other appeals are not subject to the statutory time period but nevertheless, by regulation, must be filed within 20 days after a party has notice or should reasonably have notice of the action or decision being appealed. See N.J.A.C. 4A:2-1.1(b) and N.J.A.C. 4A:2-1.7(b).
In this context, we are satisfied that Allen filed his appeal in a timely manner. As we noted previously, Allen repeatedly sought clarification of his employment status through correspondence dated May 12, 1989, January 26, 1990 and February 27, 1990. We also emphasize that the DOP's letter to the Township contained no reference to the right of appeal, and, in *443 any event, was not sent to Allen. Under these circumstances, we cannot fairly say that Allen's petition was untimely or that it ran afoul of the requirements of N.J.A.C. 4A:2-1.1(b).
In any event, even assuming that Allen's appeal was untimely, the Board had the right to relax the rules "for good cause" and in the interests of justice. N.J.A.C. 4A:1-1.2(c). The object of the rules is to insure that the "statutory purposes of the merit employment system are carried out." Ibid. We would find no basis to disturb the Board's exercise of its discretionary power to hear Allen's appeal even were we to credit the Township's assertion that he failed to abide by the 20 day time constraint.

III.
Equally unpersuasive is the Township's argument that the Board lacked the authority to interpret and apply N.J.S.A. 43:16A-8(2). Although ambiguously phrased, the Township apparently claims that the Board's authority to render statutory interpretations is limited to Title 11A civil service laws. The Township contends that the Board went beyond its statutory powers by construing N.J.S.A. 43:16A-8(2), a pension statute, and by applying that statute in the dispute before it.
We disagree. N.J.S.A. 43:16A-8(2) provides in pertinent part as follows:
Any beneficiary under the age of 55 years who has been retired on a disability retirement allowance under this act, on his request shall, or upon the request of the retirement system may, be given a medical examination and he shall submit to any examination by a physician or physicians designated by the medical board once a year for at least a period of 5 years following his retirement in order to determine whether or not the disability which existed at the time he was retired has vanished or has materially diminished. If the report of the medical board shall show that such beneficiary is able to perform either his former duty or any other available duty in the department which his employer is willing to assign to him, the beneficiary shall report for duty; such a beneficiary shall not suffer any loss of benefits while he awaits his restoration to active service. If the beneficiary fails to submit to any such medical examination or fails to return to duty within 10 days after being ordered so to do, or within such further time as may be allowed by the *444 board of trustees for valid reason, as the case may be, the pension shall be discontinued during such default. [Emphasis added].
Although the statute does not expressly compel the appointing authority to restore the employee to his former position, the Board's construction of N.J.S.A. 43:16A-8(2) is fully consonant with the legislative purpose. It is apparent that the grant of disability retirement is conditioned on the continuation of the incapacity. If the retired employee regains the ability to perform his or her duties, the Legislature mandated that he or she be returned to the former position. The Legislature clearly recognized that individuals returning from a disability retirement are in a unique situation, plainly different from all other employees returning to active service. Their separation from employment is unlike the voluntary separation of other civil servants whose seniority is not aggregated. In our view, N.J.S.A. 43:16A-8(2) contemplates that a restoration to employment return the formerly disabled individual as nearly as possible to the status held at the time he or she was pensioned. The aggregation of seniority complies with the legislative mandate that disabled employees return to their former position upon cessation of their disability.
It is also plain that the Board had the right and the duty to interpret and apply the statute to the dispute before it. We recognize that N.J.S.A. 11A:2-6e empowers the Board to "[i]nterpret the application of [] [T]itle [11A] to any public body or entity." However, we disagree with the Township's reading of that statute as restricting the interpretive power of the Board. That N.J.S.A. 43:16A-8(2) is not contained in Title 11A is irrelevant. The Board is required to act in accordance with all the laws of the State, not just those contained in the Civil Service Act.

IV.
The remaining issues do not require extended discussion. We treat these questions summarily.
*445 At the time the dispute between Allen and the Township arose, N.J.A.C. 4A:4-7.10(b) provided that "[a] permanent employee who has been placed on disability retirement may be reinstated following a determination from the Division of Pensions that the retiree is no longer disabled." Subsection (c) of the regulation stated that "[s]eniority commences as of the date of regular reemployment." The Township relies on subsection (c) in its argument that prior and current permanent service should not be aggregated. However, it has been the longstanding practice of the Board to apply subsection (c) only in the case of employees who have returned from voluntary retirement. The Board's interpretation of N.J.A.C. 4A:4-7.10, although concededly awkward and strained, was based upon an Attorney General's opinion which, in turn, construed N.J.S.A. 43:16A-8(2) as mandating the aggregation of seniority. As we noted earlier, we are satisfied that N.J.S.A. 43:16A-8(2) requires restoration of a formerly disabled employee to his or her former position along with the cumulation of prior and current service. We are in accord with the Attorney General's construction of the statute. The effect of this statute may not be changed by an administrative regulation. If a conflict existed between N.J.A.C. 4A:4-7.10 and N.J.S.A. 43:16A-8(2), the latter governs.
We note that N.J.A.C. 4A:4-7.10 was recently amended. As presently written, the regulation's ban on aggregation of seniority is restricted to employees returning from voluntary retirement. The Board simultaneously adopted N.J.A.C. 4A:4-7.12 which provides that a formerly disabled employee's "reinstatement shall have priority over appointment from any eligible list" and prior and current seniority is to be "aggregate[d]." While the Township asserts that these new regulations may not be applied retroactively, they merely reaffirm the Board's longstanding practice, and, in any event, are mandated by N.J.S.A. 43:16A-8(2).
Finally, there is no merit in the Township's argument that Allen waived his rights by agreeing to his appointment as *446 a police officer without the cumulation of seniority. R. 2:11-3(e)(1)(E). Nor is there any basis for the Township's reliance on the doctrines of estoppel and laches. Ibid. At all times, Allen insisted that he be restored to his prior position with the corresponding credit for prior service. He neither waived his rights nor represented that he would surrender them upon reappointment.
Affirmed.