271 N.J. Super. 125 (1994)
638 A.2d 160
JOHN A. CANAVERA, JR., PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF EDISON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 7, 1994.
Decided March 2, 1994.
*126 Before Judges PETRELLA, BAIME and CONLEY.
David B. Friedman argued the cause for appellant (Balk, Oxfeld, Mandell & Cohen, attorneys; Sanford R. Oxfeld, of counsel; Mr. Friedman, on the brief).
Joel C. Seltzer argued the cause for respondent (Mr. Seltzer, attorney and on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
Plaintiff, a police officer employed by the Township of Edison, appeals from a declaratory judgment in which the Law Division concluded that he was not entitled to the aggregation of seniority and benefits when he returned to active service following an extended period of disability. The Law Division determined that, unlike a municipality governed by the Civil Service Act (N.J.S.A. 11A:1-1 to 12-6), the Township was not required to restore *127 plaintiff to his former position with all of the corresponding benefits and entitlements. We agree and affirm substantially for the reasons expressed by Judge Rebeck in his oral opinion.
Plaintiff was first employed by the Township as a police officer from April 1, 1973 until September 1, 1979. At that time, plaintiff was found to be disabled. The record does not disclose whether plaintiff suffered a service-related injury, but it is undisputed that he received an ordinary disability retirement allowance under N.J.S.A. 43:16A-6 rather than an accidental disability retirement allowance under N.J.S.A. 43:16A-7. In any event, whether or not plaintiff's disability was work-connected is not material to the issue presented.
On December 21, 1987, the Police and Fireman's Pension Board found plaintiff fit to resume the normal duties of a police officer. Pursuant to N.J.S.A. 43:16A-8, the Township rehired plaintiff. Because of the eight year hiatus, plaintiff's certification had expired and he was required to undergo a lengthy recruit training program. The Township treated plaintiff as a newly employed police officer as opposed to one having six years experience. Plaintiff then instituted this action, seeking a declaratory judgment that he was entitled to credit for his pre-disability service. The Law Division granted the Township's motion for summary judgment. This appeal followed.
Plaintiff relies primarily on Matter of Allen, 262 N.J. Super. 438, 621 A.2d 87 (App.Div. 1993), a decision that was rendered after summary judgment was entered in this case. We find Matter of Allen to be wholly inapposite. The precise issue before us in Matter of Allen was whether the Merit System Board acted in an arbitrary and capricious manner when it ordered Hazlet Township to reappoint a police sergeant, who had retired on disability but who was no longer disabled, to his former position and to aggregate his seniority to include prior and current permanent service. Id. at 440, 621 A.2d 87. In reaching the conclusion that Allen was entitled to cumulate his seniority, the Merit System Board relied upon an internal policy statement and an Attorney General's *128 opinion which, in turn, cited N.J.S.A. 43:16A-8(2). That statute requires a person who has retired on a disability allowance to "report for duty" upon a finding of the medical board that he is no longer disabled. Ibid. While awaiting restoration to active service, the beneficiary "shall not suffer any loss of [disability] benefits." Ibid. Under N.J.S.A. 43:16A-8(4), a person reinstated to active service is to receive a retirement allowance "based on all his service" when he later retires. Although these sections deal with a member's pension rights, the Merit System Board apparently wished to make its rule regarding aggregation of seniority rights congruent with the legislative policy cumulating prior and subsequent service in determining retirement allowance.
On appeal, Hazlet Township principally contended that the Merit System Board lacked the authority to consider N.J.S.A. 43:16A-8(2), a pension statute, in determining civil service policy. Matter of Allen, 262 N.J. Super. at 443, 621 A.2d 87. We rejected that thesis. While noting that N.J.S.A. 11A:2-6e empowers the Merit System Board to "`[i]nterpret the application of [] [T]itle [11A] to any public body or entity'" electing to be governed by the Civil Service Act, we said that the Board could consider other statutes as well. Id. at 444, 621 A.2d 87 (quoting N.J.S.A. 11A:2-6e). We observed that N.J.S.A. 43:16A-8(2) pertained only to pension rights and that the statute did not "expressly compel" the appointing authority to restore a previously disabled employee to his former position with all corresponding seniority entitlements. Ibid. We nevertheless added that, in the context of pension rights, "[t]he Legislature clearly recognized ... individuals returning from a disability retirement are in a unique situation[] plainly different from all other employees returning to active service." Ibid. We concluded that "[t]he aggregation of seniority[,]" as required by the Merit System Board's internal policy statement, "complie[d] with the legislative mandate that disabled employees return to their former position upon cessation of their disability." Ibid.
*129 The point we stress is that our opinion in Matter of Allen concerned the power of the Merit System Board to "[a]dopt and enforce rules to carry out ... and to effectively implement a comprehensive personnel management system." N.J.S.A. 11A:2-6d. Historically, our courts have accorded substantial deference to regulatory determinations made by administrative agencies charged with the responsibility of implementing legislative policy. See, e.g., Texter v. Department of Human Servs., 88 N.J. 376, 385, 443 A.2d 178 (1982). We did not hold in Matter of Allen that N.J.S.A. 43:16A-8(2) compels aggregation of seniority rights in all municipalities, whether or not governed by civil service law. To the extent that our opinion can be so construed, we disavow it.
Edison Township has elected not to be governed by the Civil Service Act. We know of no statute that requires the Township to cumulate prior and current service in determining the seniority rights of a police officer who returns from a disability retirement. Contrary to plaintiff's contention, N.J.S.A. 43:16A-8(4) does not compel a municipality to aggregate seniority rights. As we pointed out earlier, this section merely requires the cumulation of prior and current service in determining a formerly disabled member's retirement allowance. N.J.S.A. 40A:14-136 is also inapplicable. That section preserves the emoluments of employment for an officer returning from a leave of absence where he has made his services available to a state or county department or agency.
Finally, we find no basis in the record to conclude that plaintiff was treated differently than other members of the Edison Township Police Department who returned to service after being retired on disability. Although one officer was permitted to aggregate his prior and current service, he was on disability for a very short period of time. In contrast, plaintiff was disabled for eight years. His certification had lapsed and he had to be completely retrained before returning to active service. We perceive no unfairness in the manner in which he was treated.
Affirmed.