actions of the Commissioner of Insurance and the State Treasurer and their Departments.

770 A.2d 756

IN THE MATTER OF ROBERT W. TEREBETSKI.[1]IN THE MATTER OF WAYNE HUNDEMANN.[1]

Superior Court of New Jersey
Appellate Division

Submitted March 5, 2001—Decided April 23, 2001.

[1] These appeals are consolidated on the court's motion solely for purposes of opinion.

Before Judges HAVEY, WEFING and CUFF.

*Genova, Burns & Vernoia,* attorneys for appellant/cross-respondent Borough of Carteret (*James J. McGovern, III,* of counsel and on the brief with *Brian O. Lipman*).

*John Charles Allen*, attorney for respondents/cross-appellants Robert Terebetski and Wayne Hundemann.

*John J. Farmer, Jr.*, Attorney General of New Jersey, attorney for respondent Merit System Board (*Nancy Kaplen*, Assistant Attorney General, of counsel; *Elizabeth M. Laufer*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

CUFF, J.A.D.

 This appeal presents the narrow issue of whether a police officer over the age of forty-five but less than fifty-five, retired on disability, may be reinstated to his position upon a finding by the Police and Fire Retirement System (PFRS) that the officer is no longer disabled. We hold that an appointing authority is obliged to reinstate such an officer as soon as a position is available. Accordingly, the final decisions of the Merit System Board (Board) directing the appointing authority to reinstate Robert Terebetski and Wayne Hundemann to the position of police officer for the Borough of Carteret with seniority and benefits are affirmed.

In August 1986, Robert Terebetski, a police officer with the Borough of Carteret (the appointing authority), was declared disabled and received a disability retirement from the PFRS. Terebetski had been injured in the line of duty. On or about September 21, 1998, following a physical examination conducted in accordance with *N.J.S.A.* 43:16A–8, PFRS determined that Terebetski was no longer suffering from his disability and should be returned to his former employment. Terebetski was forty-nine years of age. When the appointing authority refused to reinstate Terebetski, he filed an appeal with the Department of Personnel requesting that he be reinstated to his former position in accordance with *N.J.S.A.* 43:16A–8(2) and *N.J.A.C.* 4A:4–7.12.[2] Before

---

[2] An action filed by Terebetski in the Superior Court, Law Division after he filed his appeal with the Department of Personnel, was dismissed upon a finding that the Department of Personnel had jurisdiction of the matter.

the Department, the appointing authority argued that *N.J.S.A.* 40A:14–127.1 precludes it from reinstating any officer over the age of forty-five. On July 22, 1999, the Board issued its final agency decision and concluded that *N.J.S.A.* 40A:14–127.1 is not applicable to a disabled officer declared fit for work by the PFRS.[3] It is from this decision that the appointing authority appeals.

In October 1987, Wayne Hundemann, a police officer with the Borough of Carteret, was declared disabled and received a disability retirement from the PFRS. On or about April 21, 1998, following a physical examination conducted in accordance with *N.J.S.A.* 43:16A–8, PFRS determined that Hundemann was no longer suffering from his disability and should be returned to his former employment. By letter dated April 28, 1998, Hundemann requested that the appointing authority return him to his position as a police officer. He was forty-six years old at this time.

The appointing authority's appeal of the PFRS decision was denied. The PFRS held that the appointing authority lacked standing to challenge the determination that Hundemann was fit for duty. When the appointing authority continued its refusal to reinstate him, Hundemann filed an appeal with the Department of Personnel. While the appeal was pending, he too filed an action in the Superior Court, Law Division, on December 16, 1998. This action, like the action filed by Terebetski, was also dismissed.

On July 22, 1999, the Board issued its final agency action. It held that *N.J.S.A.* 40A:14–127.1 is not applicable to this case. It ordered Hundemann reinstated with seniority and benefits. It is from this decision that the appointing authority appeals.[4] We have consolidated these appeals for the purposes of this opinion.

---

[3] The appointing authority sought a stay of the Board decision before the Board and before this court. Each application was denied.

[4] The appointing authority filed for a stay of the final agency action before the Board and this court; each request for a stay was denied.

The appointing authority argues that *N.J.S.A.* 40A:14–127.1 requires that neither Terebetski nor Hundemann may be restored because each officer is over the age of forty-five. Both officers and the Board argue that *N.J.S.A.* 43:16A–8 governs the unique situation of officers returning from disability retirement. They contend they should not be treated the same as other officers who left active police service for reasons other than a service or non-service connected disability. Further, they construe *N.J.S.A.* 40A:14–127.1 as confined solely to the officer who seeks to return to active service following a voluntary separation.

In order to comprehend the Board's conclusion that *N.J.S.A.* 43:16A–8(2) and *N.J.A.C.* 4A:4–7.12 are not restricted by the mandatory hiring age restriction contained in *N.J.S.A.* 40A:14–127.1, a brief review of the statutes and regulation in question is needed.

▮ *N.J.S.A.* 43:16A–8 provides that:

(2) Any beneficiary *under the age of 55 years* who has been retired on a disability retirement allowance under this act, on his request shall, or upon the request of the retirement system may, be given a medical examination and he shall submit to any examination by a physician or physicians designated by the medical board once a year for at least a period of 5 years following his retirement in order to determine whether or not the disability which existed at the time he was retired has vanished or has materially diminished. *If the report of the medical board shall show that such beneficiary is able to perform either his former duty or any other available duty in the department which his employer is willing to assign to him, the beneficiary shall report for duty;* such a beneficiary shall not suffer any loss of benefits while he awaits his restoration to active service.

[Emphasis supplied.]

Plainly, the Legislature intended that persons on disability retirement who are no longer disabled, *i.e.,* no longer entitled to disability retirement, and who are under the age of fifty-five,[5] be returned to either their prior positions or any available duty that their employers are willing to assign to them. In other words, the employee should be returned to his or her position as if the

---

[5] A member may retire at age fifty-five; sixty-five is the mandatory retirement age for PFRS members. *N.J.S.A.* 43:16A–5(1).

employee's service was never interrupted and as if the disability retirement had never occurred.

In order to effectuate this legislative mandate, the Board promulgated *N.J.A.C.* 4A:4–7.12, which states that:

(a) A permanent employee who has been placed on disability retirement may be reinstated following a determination from the Division of Pensions that the retiree is no longer disabled.

(b) The employee's reinstatement shall have priority over appointment from any eligible list, except a special reemployment list.

By adopting this regulation, the Board codified its long-standing practice for implementing the provisions of *N.J.S.A.* 43:16A–8(2). The reinstatement of the formerly disabled retiree returns an individual to their prior position as if the disability retirement had never occurred. The individual should be assigned to other available duties if their original job is not available.

■ The reinstatement envisioned by the regulation implementing *N.J.S.A.* 43:16A–8(2) is different from the "reappointment provision" contained in *N.J.S.A.* 40A:14–127.1. Section 127 provides that no person shall be initially hired as a police officer if the person is less than twenty-one or more than thirty-five years of age. *N.J.S.A.* 40A:14–127.1 sets forth a limited exception for officers who were laid off or dismissed because of a reduction in the force. This statute provides that:

a. Notwithstanding the provisions of any other law to the contrary, any former State trooper, sheriff's officer or deputy, or county or municipal police officer who has separated from service voluntarily or involuntarily other than by removal for cause on charges of misconduct or delinquency, shall be deemed to meet the maximum age requirement for appointment established by N.J.S. 40A:14–127, if his actual age, less the number of years of his previous service as a law enforcement officer, would meet the maximum age requirement established by said section, but no person may be appointed who is over the age of 45 as of the date of his reappointment; except that in the case of a State trooper, sheriff's officer or deputy, or county or municipal police officer whose separation from service was involuntary due to a lay-off or reduction in force, such person shall be deemed to meet the maximum age requirement for appointment by complying with the procedure established hereinbefore without regard to his actual age at the time of reappointment.

According to this provision, certain categories of law enforcement officers have been given the opportunity to be "reappointed."

However, under no circumstances may a person who is over the age of forty-five be "reappointed" unless his or her separation from service was due to a layoff.

The Board correctly concluded that these two statutes do not deal with the same subject matter and that *N.J.S.A.* 40A:14–127.1 simply has no impact upon the return to service of formerly disabled police officers governed by *N.J.S.A.* 43:16A–8(2). Pursuant to the plain language of *N.J.S.A.* 43:16A–8, once a person is determined no longer disabled, the appointing authority is required to return the officer to active duty or, in the language of the regulation, to "reinstate" the officer to the same or as near as the same position as he or she previously occupied. The purpose of this legislation is to return the previously disabled employee to work as if the officer had never been disabled and the officer's service had never been interrupted. On the other hand, *N.J.S.A.* 40A:14–127.1 pertains to situations involving a return to law enforcement when a former law enforcement officer has actually left his or her prior employment and is attempting to be rehired by an appointing authority which may or may not be his or her previous employer.

*In re Allen,* 262 *N.J.Super.* 438, 621 *A.*2d 87 (App.Div.1993) recognized the unique position of a disabled PFRS member who has been declared able to resume the member's former law enforcement or firefighting duties. The issue presented in *Allen* concerned whether prior and current seniority must be aggregated upon the return to duty of a formerly disabled member. Judge Baime noted the critical difference between a PFRS member who retired due to disability and the member who left service for other reasons. He wrote:

> It is apparent that the grant of disability retirement is conditioned on the continuation of the incapacity. If the retired employee regains the ability to perform his or her duties, the Legislature mandated that he or she be returned to the former position. The Legislature clearly recognized that individuals returning from a disability retirement are in a unique situation, plainly different from all other employees returning to active service. Their separation from employment is unlike the voluntary separation of other civil servants whose seniority is not aggregated.

[262 *N.J.Super.* at 444, 621 *A.*2d 87.]

This reasoning is equally applicable to this case.

The appointing authority attempts to buttress its argument on the premise that the two statutes in question, *N.J.S.A.* 43:16A–8 and *N.J.S.A.* 40A:14–127.1, deal with the same subject matter. From that premise, the appointing authority invokes a well-recognized canon of statutory interpretation that the more recent enactment, *N.J.S.A.* 40A:14–127.1, should be considered to control the interpretation of the provisions which are in conflict. However, for the reasons expressed above, we have determined that the two statutes do not concern the same subject. Accordingly, the mandatory hiring age requirement set forth in *N.J.S.A.* 40A:14–127.1 does not impact or otherwise limit the return to employment provisions of *N.J.S.A.* 43:16A–8.

The Borough also argues that *N.J.A.C.* 4A:4–7.12, a regulation, cannot supersede or alter the provisions of the *N.J.S.A.* 40A:14–127.1, a statute. We do not disagree with the basic premise that a regulation cannot supersede or alter a statute. *New Jersey Chamber of Commerce v. New Jersey Election Law Enforcement Comm'n,* 82 *N.J.* 57, 82, 411 *A.*2d 168 (1980). This court, however, has previously held that the regulation is consistent with the statutory mandate of *N.J.S.A.* 43:16A–8(2) and affirms the long-standing agency interpretation of the statute. *Allen, supra,* 262 *N.J.Super.* at 445, 621 *A.*2d 87.

Finally, we address Hundemann's and Terebetski's cross-appeals. Each officer contends he is entitled to back pay from the date the appointing authority was ordered to reinstate the men. In each case, the Board found that the circumstances did not warrant an award of back pay. We affirm on this issue substantially for the reasons expressed by the Board.

Affirmed.