**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2966-16T1

MICHAEL NOWICKI,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE
AND FIREMEN'S RETIREMENT
SYSTEM,

    Respondent-Respondent.

_____

Argued July 16, 2018 — Decided July 27, 2018

Before Judges Whipple and Suter.

On appeal from the Board of Trustees of the
Police and Firemen's Retirement System,
Department of Treasury, PFRS No. 3-97678.

John D. Feeley argued the cause for appellant
(Feeley & LaRocca, LLC, and The Blanco Law
Firm, LLC, attorneys; Pablo N. Blanco, of
counsel; John D. Feeley and Pablo N. Blanco
on the brief).

Jeffrey S. Ignatowitz, Deputy Attorney
General, argued the cause for respondent
(Gurbir S. Grewal, Attorney General, attorney;
Melissa D. Schaffer, Assistant Attorney
General, of counsel; Jeffrey S. Ignatowitz,
on the brief).

PER CURIAM

Michael Nowicki appeals from the March 14, 2017 final agency decision by the Police and Fireman's Retirement System (PFRS) Board of Trustees (Board) that denied his request to file for an accidental disability pension. We affirm the Board's decision.

Petitioner was employed by the New Jersey Department of Corrections (DOC) as a corrections officer. He applied for an accidental disability pension in May 2015, claiming he injured his right shoulder and elbow in April 2012 and could no longer function as a corrections officer.

Relevant here, the DOC filed two disciplinary actions against petitioner. The first Preliminary Notice of Disciplinary Action (PNDA) on March 6, 2014, charged him with "chronic or excessive absenteeism." DOC sustained the charges, issued a Final Notice of Disciplinary Action (FNDA) on April 14, 2014, and suspended petitioner for fifteen days. The case was transferred to the Office of Administrative Law (OAL) when he requested a hearing.

The second PNDA was issued on July 2014 based on his arrest for possession of three oxycodone pills without a prescription in violation of N.J.S.A. 2C:35-10.5.[1] The PNDA charged petitioner with conduct unbecoming a public employee and for the use, possession or sale of a controlled dangerous substance. The

---

[1] The Board was notified in February 2016 that these charges were dismissed.

October 29, 2014 FNDA sustained the charges. Petitioner was removed from his position as a corrections officer on November 1, 2014. This case was also transferred to the OAL for a hearing.

On June 10, 2016, petitioner and DOC settled both pending disciplinary cases. In the settlement, petitioner agreed to accept a general resignation from employment, effective on November 1, 2014, in lieu of the administrative charges. He waived any claims against DOC including back pay, counsel fees or other monetary relief. Neither party admitted any liability. Petitioner agreed to withdraw both pending appeals. He agreed to "not to seek further employment with the Department of Corrections."

An administrative law judge (ALJ) approved the settlement. It then was adopted by the Civil Service Commission (CSC) on September 20, 2016. Petitioner's application for an accidental disability retirement pension remained pending.

In August 2017, the Board notified petitioner that it wanted to review the settlement in connection with his disability application. Petitioner was permitted to provide additional information to the Board. The Board asked DOC whether it was willing to amend the settlement to permit petitioner to return to work if his disability diminished, but DOC would not agree to that, advising "the agreement stands 'as is'".

A-2966-16T1

The Board considered petitioner's request to file for an accidental disability pension on January 9, 2017, and denied it on January 19, 2017 by letter. The Board determined that petitioner's "reason for leaving was not due to a disabling condition" but that he had "submitted his resignation in lieu of termination proceedings." In addition, because he waived his right to reinstatement in the future, he was "unable to comply with N.J.S.A. 43:16A-8(2) because he ha[d] no job to return to should the alleged disabling condition diminish." Although petitioner's counsel advised at the Board's January 9, 2017 meeting that he "did not believe the [s]ettlement [a]greement would affect his pension," the Board found that "the plain language of the agreement [was] contrary to the statutory scheme governing a disability pension." The Board stated:

> if his application was processed and he was granted an [a]ccidental disability pension and later it was determined that he was no longer disabled, there is no mechanism for the Board to stop paying the pension because he could never be ordered to return to work, as required by N.J.S.A. 43: 16A-8(2). Granting a disability retirement under these circumstances would be in contravention of the statutory scheme, and place the Board in the position of potentially paying a pension for which the Board has not ability or mechanism to terminate the pension payment.

The Board did not review petitioner's honorable service under N.J.S.A. 43:1-3 because this would be premature. The Board noted

that petitioner "may be eligible to file for a [d]eferred retirement."

Petitioner appealed and requested a hearing at the OAL. The Board denied the hearing request in February 2017 because "there [were] no questions of fact in dispute merely questions of law." The Board advised it would issue a final decision.

The March 14, 2017 final decision of the Board was consistent with its January 19, 2017 letter. It found petitioner "submitted his resignation in lieu of termination proceedings" and that he had "waived his right to reinstatement in the future." He had "no job to return to" if his condition diminished and could not therefore comply with N.J.S.A. 43:16A-8(2). Although he may be eligible for a deferred retirement, that issue was not ripe for consideration. There were no disputed issues of fact, permitting the Board to reach a decision without an administrative hearing.

On appeal, petitioner contends that the Board's final decision that it did not process petitioner's application for an accidental disability retirement pension was arbitrary, capricious or unreasonable and that the Board did not "turn square corners in dealing with its member." He argues that even though he settled the disciplinary cases, he thought his pension application would be processed. Also, because the pension statute is remedial, the statute should be interpreted to grant benefits based on the

disability until the disability vanishes and then the benefits should be discontinued.

The scope of our review in an appeal from a final decision of an administrative agency is limited. Russo v. Bd. of Trs., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). The agency's decision should be upheld unless there is a "clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Herrmann, 192 N.J. at 27-28). We generally "afford substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing." Richardson v. Bd. of Trs., 192 N.J. 189, 196 (2007) (citation omitted). "Such deference has been specifically extended to state agencies that administer pension statutes," because "'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise.'" Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)). We are not "bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Richardson, 192 N.J. at 196 (quoting In re Taylor, 158 N.J. 644, 658 (1999)).

The PFRS provides for both ordinary, N.J.S.A. 43:16A-6, and accidental, N.J.S.A. 43:16A-7(1), disability benefits. "[A]n accidental disability retirement entitles a member to receive a higher level of benefits than those provided under an ordinary disability retirement."[2] Patterson v. Bd. of Trs., 194 N.J. 29, 43 (2008) (citation omitted). Once the application is received,

---

[2] In Richardson, the Court held that a claimant for accidental disability retirement benefits must prove:

> 1. that he is permanently and totally disabled;
>
> 2. as a direct result of a traumatic event that is
>
>> a. identifiable as to time and place,
>>
>> b. undesigned and unexpected, and
>>
>> c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4. that the disability was not the result of the member's willful negligence; and
>
> 5. that the member is mentally or physically incapacitated from performing his usual or any other duty.
>
> [Richardson, 192 N.J. at 212-13.]

A-2966-16T1

it is referred to the medical board for the appointment of a physician to examine the applicant. That report shall be considered by the Board with the application.

A beneficiary under age fifty-five who has been retired on a disability retirement allowance:

> on his request shall, or upon the request of the retirement system may, be given a medical examination and he shall submit to any examination by a physician or physicians designated by the medical board once a year for at least a period of five years following his retirement in order to determine whether or not the disability which existed at the time he was retired has vanished or has materially diminished. If the report of the medical board shall show that such beneficiary is able to perform either his former duty or any other available duty in the department which his employer is willing to assign to him, the beneficiary shall report for duty; such a beneficiary shall not suffer any loss of benefits while he awaits his restoration to active service. If the beneficiary fails to submit to any such medical examination or fails to return to duty within 10 days after being ordered so to do, or within such further time as may be allowed by the board of trustees for valid reason, as the case may be, the pension shall be discontinued during such default.

> [N.J.S.A. 43:16A-8 (emphasis added).]

Here, the Board's actions were not arbitrary, capricious or unreasonable. The Board had no obligation to process petitioner's application for an accidental disability pension because he did not retire on the basis of his disability. Under the settlement,

petitioner voluntarily terminated his employment; there was no indication that it was related to any disability arising from an accident that would satisfy Richardson.

Neither party had the ability to enter into a settlement that modified the statute's requirement in N.J.S.A. 43:16A-8 that petitioner report to duty if his disabling condition vanished or materially diminished. This section mandates that the employer reinstate a member returned from disability with seniority and credit for prior service. See In re Allen, 262 N.J. Super. 438, 444 (App. Div. 1993) (providing that N.J.S.A. 43:16A-8(2) contemplates that a "formerly disabled individual [be returned] as nearly as possible to the status held at the time he or she was pensioned"). We agree with the Board that because petitioner resigned without the ability to be reemployed that he could not satisfy N.J.S.A. 43:16A-8 in the event that his disability improved to the point that he could work. "[T]he law does not require the performance of futile acts." Stark v. Nat'l Research & Design Corp., 33 N.J. Super. 315, 322 (App. Div. 1954).

Petitioner submitted no credible evidence that any representation was made to him that his application for an accidental disability pension would not be affected by the settlement. This is not a case, therefore, where equitable estoppel applies. See Sellers v. Bd. of Tr., 399 N.J. Super. 51,

58 (App. Div. 2008) (citation omitted) (providing that equitable estoppel applies only "in very compelling circumstances, where the interest of justice, morality and common fairness dictate that course.").[3]

    Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] The Board has acknowledged that petitioner may be able to obtain a deferred retirement because he avoided removal for cause related to his employment by settling the OAL cases.  See N.J.S.A. 43:16A-11.2.

A-2966-16T1