THOMAS P. MURPHY, APPELLANT, v. DEPARTMENT OF CIVIL SERVICE, OF THE STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate    Division

Argued January 3, 1978—Decided January 20, 1978.

Before Judges FRITZ, BOTTER and ARD.

*Mr. Dennis F. Wszolek* argued the cause for appellant (*Mr. William F. Curtin*, attorney).

*Mr. Peter J. Calderone,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mrs. Erminie L. Conley,* Deputy Attorney General, of counsel; *Mr. Arnold Lakind,* Deputy Attorney General, on the brief).

*Mr. Michael L. Bitterman* argued the cause for City of Trenton (*Mr. George T. Dougherty,* attorney).

PER CURIAM. Following a hearing before the appointing authority on charges duly brought, appellant, a police officer, was suspended for 60 days and fined $600. He moved to perfect the available contractual remedy of arbitration. He also later appealed the decision of the appointing authority to the Civil Service Commission (Commission).

The final notice of disciplinary action was served on appellant on December 30, 1975. Imposition of the penalty imposed was suspended pending arbitration. On May 7, 1976 the arbitrator upheld the decision of the appointing authority, and it was not until after that, on May 18, 1976, that appellant appealed the determination of the appointing authority to the Commission.

The Commission dismissed the appeal, filed 140 days after notification of the decision of the appointing authority, as untimely under *N. J. A. C.* 4:1–5.3. We affirm.

The section of the *Administrative Code* on which the Commission relied is an implementation of *N. J. S. A.* 11:22–38. This statute vests jurisdiction in the Commission to approve disciplinary orders of the appointing authority. It also provides that if review by the Commission is not sought within 20 days after notice has been given to the employee by the appointing authority of its disciplinary order, "such

order may be approved, as of course, without hearing or investigation."

■■ Accordingly, the Commission is empowered by the plain meaning of the statute to refuse to consider matters in which the notice of appeal to it was not filed within 20 days after notification. They have chosen to exercise this right by *N. J. A. C.* 4:1–5.3[1] and in this case. Nothing in the statute or the code provides for a tolling of this time period by arbitration proceedings. See *State v. Council of State College Locals,* 153 *N. J. Super.* 91 (App. Div. 1977).

Appellant also argues that inasmuch as there was a stay of enforcement, the time for appealing should be deemed to run from the date the stay was lifted. But neither the statute nor the *Code* is drafted in terms of enforcement of the order of the appointing authority. To the contrary, both expressly limit the time in terms of receipt of notification "of the order." Where a statute is precise and the meaning is clear, there is no room for interpretation, construction or discretionary treatment. The will of the Legislature is to be enforced as it has been made to appear. *Imbriacco v. State Civil Service Comm'n,* 150 *N. J. Super.* 105, 109 (App. Div. 1977).

Indeed, there is some reason to believe that the limitation of time to appeal, as specifically stated, is jurisdictional. See *Park Ridge v. Salimone,* 21 *N. J.* 28, 46–48 (1956). In such event, the express time period can be enlarged only by the Legislature. *Midland Glass Co. v. Dept. Env. Prot. N. J.,* 136 *N. J. Super.* 194, 198 (App. Div. 1975), petition and cross-petition for certification dismissed, 70 *N. J.* 152 (1976).

Affirmed.

---

[1] *N. J. A. C.* 4:1–5.3 is as follows:

Time limit for filing request.

A petition or request to the Commission for a hearing or other relief, unless otherwise required by law or these rules, must be received by the Commission within 20 days after date of receipt of the notice by the petitioner of the order, ruling or other action concerning which the hearing or other relief is requested.