760 A.2d 805 (2000)
334 N.J. Super. 617
Ali MESGHALI, Petitioner-Appellant,
v.
BAYSIDE STATE PRISON, Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 10, 2000.
Decided October 27, 2000.
*806 Chance & McCann, Bridgeton, attorneys for appellant (Walter H. Iacovone, Sicklerville, on the brief).
John J. Farmer, Jr., Attorney General, attorney for respondent (Nancy Kaplan, Assistant Attorney General, of counsel; John P. Nuttall, Deputy Attorney General, on the brief).
Before Judges HAVEY, CUFF and LEFELT.
The opinion of the court was delivered by LEFELT, J.A.D.
The issue presented by this appeal is whether N.J.S.A. 11A:2-15, specifying a civil service appeal time frame, should be applied to an employee's appeal, despite the appointing authority's failure to provide the employee's attorney with a copy of the departmental ruling before expiration of the statutory appeal period. We reject appellant's arguments and affirm the Merit System Board's ("Board") dismissal of the appeal.
Ali Mesghali was a senior corrections officer at Bayside State Prison who was charged with two major disciplinary violations: (1) negligence resulting in injury to an inmate, and (2) failure to report an injury. See N.J.A.C. 4A:2-2.3(a); Human Resources Bulletin 84-17D, Safety and Security Precautions 1 and 9. A departmental hearing on these charges was conducted on November 6, 1998. Before this hearing, both counsel for Mesghali and the prison attorney were advised that Mesghali was also to be charged with undue familiarity with inmates and insubordination.
After the November 6 departmental hearing, the hearing officer sustained the charges, removed Mesghali from his employment, effective November 20, 1998, for the negligence charge and imposed a fifteen-day suspension for the failure to report charge. The prison, as the appointing authority, on November 23, 1998, mailed the Final Notice of Disciplinary Action to Mesghali.
After a second departmental hearing, the second charges of undue familiarity and insubordination were also sustained by the hearing officer. After receipt of Mesghali's timely appeal to the Board and transmittal of the case to the Office of Administrative Law ("OAL"), Administrative Law Judge Edgar Holmes indefinitely adjourned the second charges pending resolution of this appeal.
Mesghali acknowledges that he received, on November 30, 1998, the Final Notice of Disciplinary Action regarding the first charges. Mesghali's attorney, however, did not receive a copy of this final notice. Instead, counsel learned on January 6, 1999, at the second departmental hearing, that a departmental decision on the first charges had been issued.
Mesghali did not advise his counsel of the final notice because Mesghali had already authorized an appeal should one be necessary and assumed that his counsel was taking care of the matter. The Final Notice of Disciplinary Action indicated a "Distribution" providing a "green copy" to the "Employee Representative." In fact, however, the prison had not forwarded a copy of the final notice to Mesghali's counsel, but instead left a copy of the form in the prison's personnel office for Mesghali's union representative. When no disposition was received by Mesghali's attorney on the first charges, counsel assumed that the hearing officer was holding the first disposition until the second charges were concluded, despite the fact that he knew that separate hearing officers were involved.
Once counsel learned that the first set of charges had been concluded, he requested an appeal from the Board by letter dated January 11, 1999. In an April 30, 1999 decision, the Board denied Mesghali's appeal request, concluding that the "matter was not perfected within 20 days of receipt of the Final Notice of Disciplinary Action." This appeal followed.
*807 The statute, applicable to disciplinary appeals, in pertinent part provides that:
Any appeal from adverse actions ... shall be made in writing to the board no later than 20 days from receipt of the final written determination of the appointing authority. If the appointing authority fails to provide a written determination, an appeal may be made directly to the board within reasonable time.

[N.J.S.A. 11A:2-15]
The dictates of this statute have been interpreted as jurisdictional and "mandatory in its requirement." Borough of Park Ridge v. Salimone, 21 N.J. 28, 46, 120 A.2d 721 (1956). The Board's regulation also provides that "an appeal must be filed within 20 days after either the appellant has notice or should reasonably have known of the decision, situation or action being appealed." N.J.A.C. 4A:2-1.1(b). Furthermore, the Board specifically requires that "appeal from a Final Notice of Disciplinary Action must be filed within 20 days of receipt of the Notice by the employee." N.J.A.C. 4A:2-2.8(a).
We have previously held that the Board (then Civil Service Commission) was without power to accept untimely appeals. See Murphy v. Department of Civil Serv., 155 N.J.Super. 491, 493, 382 A.2d 1161 (App.Div.1978); Wildwood v. Neiman, 44 N.J.Super. 209, 215, 129 A.2d 906 (App. Div.1957). When a statutory time limitation for filing an administrative appeal is mandatory and jurisdictional, it may be extended only by the legislature, not by an agency or the courts. See Schaible Oil Co. v. New Jersey Dep't of Envtl. Protection, 246 N.J.Super. 29, 31, 586 A.2d 853 (App. Div.), cert. denied, 126 N.J. 387, 599 A.2d 163 (1991).
In this case, there is no question that Mesghali missed the twenty-day jurisdictional time frame required for perfecting a timely appeal to the Board. Mesghali received the Final Notice of Disciplinary Action by certified mail on November 30, 1998 and did not appeal until January 11, 1999, well past the twenty-day limit. Nevertheless, Mesghali relies on a 1993 unreported decision of this Court, Loveman v. Department of Corrections, A-5656-91T2 (App.Div. October 25, 1993), to support his argument that the Board's "inflexible" application in this case of the statute and rules are "fundamentally unfair."
Loveman recognized that "one of the reasons for passage of so much time [before appellant requested an appeal], possibly the primary reason, was the failure of the appointing authority to distribute the final notice of disciplinary action in a timely fashion to all the persons indicated on its form." Id. slip. op. at 3. The court concluded that it was "understandable that the petitioner would perceive that his attorney would simultaneously be notified of the decision and comply with a standing instruction to file a timely appeal in the event of an adverse ruling." Ibid.
Thus, on its surface, Loveman appears quite similar to the instant appeal. However, there is one important difference. In response to Loveman, the Board amended N.J.A.C. 4A:2-2.8(a) to provide that "Receipt of the Notice [of Disciplinary Action] on a different date by the employee's attorney or union representative shall not affect this [twenty-day] appeal period." 27 N.J.R. 1837(b) (May 15, 1995), 27 N.J.R. 2884(b) (August 7, 1995).
Our review of agency action is extremely limited. In Re Musick, 143 N.J. 206, 216, 670 A.2d 11 (1996). We can only reverse agency determinations when they are arbitrary, capricious or unreasonable. Karins v. City of Atlantic City, 152 N.J. 532, 540, 706 A.2d 706 (1998); Dennery v. Board of Educ., 131 N.J. 626, 641, 622 A.2d 858 (1993). Here, the agency has strictly applied a jurisdictional requirement pursuant to a lawfully promulgated rule that Mesghali does not contend should be invalidated for any reason. Under such circumstances we cannot find the Board's action to be arbitrary, capricious or unreasonable.
*808 To the extent that Mesghali asserts that N.J.A.C. 4A:2-2.8(a), as amended, conflicts with the legislative intent embodied in the Civil Service Act, N.J.S.A. 11A:1-1 to 12-6, we reject such claim. It is true that one of the purposes of the Civil Service Act continues to be to preclude removal of certain permanent employees "except for cause after due notice and hearing." Jones v. Department of Civil Serv., 118 N.J.Super. 323, 326, 287 A.2d 463 (App.Div.1972). However, this appeal does not present a case where the appointing authority's final notice did not advise of the twenty-day appeal requirement. Id. at 325, 287 A.2d 463. There can be no question that adequate notice was provided in this case. Rivera v. Board of Review, 127 N.J. 578, 583, 606 A.2d 1087 (1992). Mesghali and his union representative each received the final notice, properly advising them of the available appeal opportunity. Moreover, Mesghali cites to no specific provision in the Civil Service Act requiring notice to an employee's attorney. Nor could he, because there is none.
The amendment to N.J.A.C. 4A:2-2.8(a) made it incumbent upon Mesghali to contact his attorney after he received the final notice to verify that his attorney had undertaken a timely appeal. The form in question also provided that "[y]our letter of appeal must be filed with the Merit System Board within 20 days of receipt of this form." Thus, reasonable prudence from an employee facing removal from employment and a relatively short appeal period should have motivated Mesghali to verify his attorney's expected action. We do not agree with Mesghali that, under the circumstances of this case, "fundamental fairness" requires that we extend the twenty-day time frame.
Some of the confusion in this case and in Loveman was caused by the distribution section of the form in question. That section precisely provides as follows: "DISTRIBUTION: White (Original for Employee), Blue (Employee Copy), Green (Employee representative), Canary (Management), Pink (Management), Goldenrod (Department of Personnel)."
We understand that the Board contends that the green copy of the form was properly delivered to Mesghali's union representative, who is authorized to appear and represent employees in OAL hearings before administrative law judges. N.J.A.C. 1:1-5.4(a)6. However, in this case, Mesghali was represented by an attorney, and the employee who was to mail the notice to the attorney had no specific recollection of completing the mailing. If the Board intends to have notices mailed to attorneys as well as union representatives, it might be helpful to designate the green copy for union representative or attorney and re-design the form to provide some mechanism to record that distribution was initiated.
Affirmed.