**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1695-16T1


IN THE MATTER OF FAHEEM MURPHY,
DEPARTMENT OF HUMAN SERVICES.

---

Submitted May 2, 2018 — Decided June 15, 2018

Before Judges Alvarez and Nugent.

On appeal from the New Jersey Civil Service
Commission, Docket No. 2016-3928.

Nash Law Firm, LLC, attorneys for appellant
Faheem Murphy (William A. Nash, on the brief).

Gurbir S. Grewal, Attorney General, attorney
for respondent Civil Service Commission
(George N. Cohen, Deputy Attorney General, on
the statement in lieu of brief).

Gurbir S. Grewal, Attorney General, attorney
for respondent Ann Klein Forensic Center,
Department of Human Services (Melissa Dutton
Schaffer, Assistant Attorney General, of
counsel; Emily M. Bisnauth, Deputy Attorney
General, on the brief).

PER CURIAM

Faheem Murphy, who had been employed as a senior medical

security officer at the Ann Klein Forensic Center, Department of

Human Services, appeals from the November 30, 2016 denial of reconsideration by the Civil Service Commission (Commission). The underlying order denied Murphy's request for a hearing regarding his removal from employment on September 1, 2015.

Two final notices of disciplinary action (FNDA) were issued regarding Murphy's criminal charges of fourth-degree obstructing administration of law or other governmental function, N.J.S.A. 2C:29-1(a), his failure to report the arrest on the charges, and subsequent conviction. Defendant properly and timely filed appeals of the first two FNDAs, however, he did not respond to the third and final FNDA removing him from employment. Accordingly, since no timely appeal was made of the third FNDA, Murphy's petition seeking a hearing was denied as untimely and the first two appeals were dismissed as moot. After our review of the record and relevant law, we affirm.

Defendant grounded his application for reconsideration on questions regarding the mailing of the third FNDA. On January 9, 2016, delivery was attempted, but the certified mail was eventually returned to the appointing authority. The first two FNDAs had been served in the same manner—by ordinary mail and certified mail return receipt requested. Although Murphy never signed return receipt for any of the notices, none of the three ordinary mailings were returned as undeliverable. All were sent to the same address.

Because the Deputy Attorney General handling the file had not received an appeal of the third FNDA, he contacted Murphy's counsel. Attached to that inquiry was the third FNDA, which was mailed on February 25, 2016. On February 29, 2016, Murphy's counsel responded that he would look into the matter.

On March 30, 2016, the Deputy again asked whether a third appeal had been timely filed. Receiving no reply, the appointing authority on April 7, 2016, moved to dismiss the appeal as moot. Murphy objected and filed an appeal of the third FNDA the following day. On April 27, 2016, the Commission issued a decision dismissing the appeal as untimely. The application for reconsideration followed.

Murphy's certification acknowledged that the mailing had been sent to the correct address. He claimed that he received the third FNDA from his attorney on April 21, 2016, and filed an appeal the following day. He neither admitted nor denied that he had received the third FNDA prior to that date.

Citing to N.J.A.C. 4A:2-1.6(b), the Commission observed that it could not reconsider prior decisions unless the moving party demonstrated a clear material error, presented new evidence, or offered additional information that would alter the outcome not included in the original proceeding. The Commission noted Murphy's disciplinary action was controlled by N.J.S.A. 11A:2-13.

Furthermore, N.J.A.C. 4A:2-2.8 established a twenty-day limit for appeals, which is jurisdictional and cannot be relaxed. Mesghali v. Bayside State Prison, 334 N.J. Super. 617, 622 (App. Div. 2000). As the Commission went on to state:

> [Murphy] does not dispute that the certified mail was sent to his home. . . . [H]e acknowledges that notice was left at his home and no one was there to receive the FNDA. The petitioner cannot benefit from refusing to pick up the certified mail at the post office when he clearly received notice of the attempted delivery. . . . [T]he certified mail was returned to the appointing authority on February 4, 2016. Therefore, the petitioner should have filed his appeal no later than February 24, 2016.
>
> Regardless, the appointing authority indicates that its ordinary practice is to send the FNDA by both certified and regular mail when an employee is not on duty. The record in this matter does not indicate that the regular mail containing the FNDA was returned. There is a presumption that mail correctly addressed, stamped and mailed was received by the party to whom it was addressed. See SSI Medical Services, Inc. v. State Department of Human Services, 146 N.J. 614 (1996); Szczesny v. Vasquez, 71 N.J. Super. 347, 354 (App. Div. 1962); In the Matter of Joseph Bahun, Docket No. A-1132-00T5F (App. Div. May 21, 2001). Although the appellant submits an affidavit, he does not specifically state that he did not receive the FNDA by regular mail or that it was his first time receiving the FNDA when it was handed to him by his attorney. Given the foregoing and the appointing authority's undisputed method of service of the petitioner's other two FNDAs by certified and regular mail, the petitioner has not persuasively rebutted the presumption.

It is emphasized that even though one of the prior FNDAs sent by certified mail was returned as undeliverable, the petitioner timely appealed that removal.

Furthermore, N.J.A.C. 4A:2-2.8(a) provides that "an appeal from a [FNDA] must be filed within [twenty] days of receipt of the Notice by the employee. Receipt of the Notice on a different date by the employee's attorney or union representative shall not affect this appeal period." Although the critical issue regarding this regulatory provision is when the petitioner received the notice, it cannot be ignored that the petitioner's attorney had notice of the third removal on February 29, 2016 when he responded to Hahn. He was again contacted on March 30, 2016. It is suspect that the petitioner's attorney would not have conveyed this information to the petitioner at any time during this time period. Thus, the filing of the petitioner's appeal on April 22, 2016 was not made within a reasonable time. As noted above, if the appointing authority fails to provide the employee with a FNDA, an appeal may be made within a reasonable time. <u>See</u> N.J.S.A. 11A:2-15 and N.J.A.C. 4A:2-2.8.

The Commission correctly concluded no material error occurred, and no new evidence was presented which would change the outcome of this case. There was no basis upon which to grant reconsideration of the Commission's prior decision.

On appeal, Murphy argues only that there was insufficient evidence that the third FNDA was correctly addressed to the appellant, that proper postage affixed to it, that the return address was correct, and that the mailing of the third FNDA was

deposited in a proper mail receptacle. A certification was submitted by the appointing authority that standard practice is to mail FNDAs by ordinary and certified mail.

It is undisputed that Murphy appropriately filed appeals of the first and second notice he received while not acknowledging receipt of the registered mailings. Nothing in the record suggests he did not receive the third FNDA since the same procedure was followed. We consider this argument to be so lacking in merit as to not warrant much discussion in a written decision. R. 2:11-3(e)(1)(E).

Murphy has not established that the Commission's determination was arbitrary, capricious, or unreasonable, or that it lacked fair support in the record as a whole. Karins v. Atlantic City, 152 N.J. 532, 540 (1998). The strong presumption of reasonableness attached to a decision of the Commission is warranted in this case. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1695-16T1