**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2471-19

IN THE MATTER OF DARSI
BEAUCHAMP, MORRIS
COUNTY, DEPARTMENT OF
HUMAN SERVICES.

_____

Argued December 14, 2021 – Decided February 17, 2022

Before Judges Currier, DeAlmeida and Smith.

On appeal from the New Jersey Civil Service Commission, Docket No. 2020-1030.

Darsi Beauchamp, appellant, argued the cause pro se.

Stephen E. Trimboli, Special County Counsel, argued the cause for respondent Morris County (John Napolitano, Morris County Counsel, attorney; Stephen E. Trimboli, of counsel and on the brief; Debra Shannon, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent Civil Service Commission (Debra A. Allen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Darsi Beauchamp appeals from two decisions of the Civil Service Commission (Commission): (1) the August 29, 2019 final decision dismissing as untimely her administrative appeal of her termination; and (2) the January 17, 2020 decision denying her motion for reconsideration of the August 29, 2019 final decision. We dismiss the appeal of the August 29, 2019 final decision for lack of jurisdiction and affirm the January 17, 2020 decision.

I.

Beauchamp was employed by the Morris County Department of Human Services (County) as a Program Development Specialist. On May 6, 2019, the County issued a Preliminary Notice of Disciplinary Action (PNDA) charging Beauchamp with involuntary resignation not in good standing, N.J.A.C. 4A:2-6.2(b), chronic or excessive absenteeism or lateness, N.J.A.C. 4A:2-2.3(4), and other sufficient cause, N.J.A.C. 4A:2-2.3(12). The County alleged Beauchamp abandoned her employment because she was absent from duty without leave for five or more consecutive days.

On May 21, 2019, the County issued a revised PNDA charging Beauchamp with involuntary resignation not in good standing, N.J.A.C. 4A:2-6.2(b), failure to perform duties, N.J.A.C. 4A:2-2.3(1), insubordination, N.J.A.C. 4A:2-2.3(2), conduct unbecoming a public employee, N.J.A.C. 4A:2-

2.3(6), other sufficient cause, N.J.A.C. 4A:2-2.3(12), and engaging in an illegal strike action, which violated her collective bargaining agreement.

After a departmental hearing, the County sustained the charges and terminated Beauchamp. On July 8, 2019, the County sent a letter to Beauchamp informing her of her termination. The letter was mailed to a post office box address Beauchamp previously provided to the County. She acknowledges having received the letter on July 18, 2019.

In addition, on July 11, 2019, the County issued a Final Notice of Disciplinary Action (FNDA) memorializing Beauchamp's termination. The County mailed the FNDA by certified mail to the same post office box address to which it sent the July 8, 2019 letter. The FNDA was delivered to Beauchamp's post office box on July 13, 2019, and on July 30, 2019, was returned to the County marked "unclaimed." Beauchamp claims not to have received the FNDA because she did not regularly retrieve mail from her post office box.

On August 9, 2019, Beauchamp filed an appeal of the FNDA and request for a hearing with the Commission. On August 29, 2019, the Commission issued a final agency decision denying the hearing request because Beauchamp's appeal was untimely. The time in which to file an appeal with the Commission from a disciplinary decision is twenty days from receipt of an FNDA, N.J.S.A. 11A:2-

15; N.J.A.C. 4A:2-2.8(a), or, if an FNDA is not received, within a reasonable time of notice of the disciplinary decision. N.J.A.C. 4A:2-2.8(b).

The Commission found the FNDA was delivered to Beauchamp on July 13, 2019 when it arrived at her post office box. The Commission determined that Beauchamp could not avoid service of the FNDA by not retrieving it from her post office box. Twenty days from July 13, 2019, was August 2, 2019, seven days prior to Beauchamp filing her appeal. In addition, the Commission noted that Beauchamp admitted she received the letter informing her she had been terminated on July 18, 2019. Twenty days from July 18, 2019, was August 7, 2019, two days prior to the filing of her appeal. The Commission determined that, in the absence of receipt of the FNDA, twenty-two days from Beauchamp receiving notice of termination was not a reasonable time in which to have filed the appeal.

On October 9, 2019, Beauchamp petitioned for reconsideration of the August 29, 2019 decision. On January 17, 2020, the Commission issued a written decision denying Beauchamp's petition. The Commission determined that Beauchamp neither presented new evidence or information warranting a change in the outcome of her appeal nor demonstrated that a "clear, material error ha[d] occurred." See N.J.A.C. 4A:2-1.6(b)(1) and (2).

A-2471-19

On February 20, 2020, Beauchamp filed a notice of appeal. Although the notice of appeal lists only the January 17, 2020 decision as being appealed, she attached a copy of the August 29, 2019 decision to her case information statement. We consider Beauchamp to have appealed both decisions.

II.

We begin with Beauchamp's appeal of the August 29, 2019 decision. We have exclusive jurisdiction to review an agency's final decisions. R. 2:2-3(a)(2). An appeal from a final decision of a state administrative agency must be filed within forty-five "days from the date of service of the decision or notice of the action taken." R. 2:4-1(b). The forty-five-day time limit is tolled while a party's motion for reconsideration is pending before the agency. R. 2:4-3(b). In those circumstances, "the remaining time shall again begin to run from the . . . date of service of the decision or denial of such application by the agency . . . ." Ibid.

The Commission's decision was served on Beauchamp on August 29, 2019. Beauchamp claims, for the first time on appeal, that she filed the petition for reconsideration on October 2, 2019. The Commission found Beauchamp's petition for reconsideration was filed on October 9, 2019. Using either date, Beauchamp's appeal of the August 29, 2019 decision to this court was untimely.

A-2471-19

The period between August 29, 2019, and October 2, 2019, was thirty-four days. When subtracted from forty-five days, this period leaves eleven days to file a notice of appeal of the August 29, 2019 decision after service of the January 17, 2020 decision denying reconsideration. Beauchamp, however, filed her notice of appeal on February 20, 2020, thirty-four days after service of the January 17, 2020 decision. If we consider the petition for reconsideration to have been filed on October 9, 2019, Beauchamp had just four days to file a notice of appeal of the August 29, 2019 decision after service of the January 17, 2020 decision. She missed that deadline by thirty days.

In either case, Beauchamp's appeal of the August 29, 2019 decision was untimely. We do not have jurisdiction to decide the merits of an untimely appeal. In re Hill, 241 N.J. Super. 367, 372 (App. Div. 1990).

With respect to Beauchamp's appeal of the January 17, 2020 decision, which was timely filed, our review of decisions of administrative agencies is limited, with appellants carrying a substantial burden of persuasion. In re Stallworth, 208 N.J. 182, 194 (2011). An agency's determination must be sustained "'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann,

192 N.J. 19, 27-28 (2007)).  "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result . . . .'"  In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).  We are not, however, bound by an agency's interpretation of legal issues, which we review de novo.  Russo, 206 N.J. at 27.

Having carefully reviewed the record in light of the relevant legal precedents, we affirm the January 17, 2020 decision denying Beauchamp's petition for reconsideration.  The Commission may grant reconsideration of a final decision upon the presentation of "new evidence or additional information not presented in the original proceeding, which would change the outcome" of the original proceeding or a demonstration "[t]hat a clear material error has occurred."  N.J.A.C. 4A:2-1.6(b)(1)-(2).  We see no basis to overturn the Commission's determination that Beauchamp's petition for reconsideration was merely a reiteration of the facts and arguments she presented to the Commission in her initial, and untimely, appeal of her termination.  Beauchamp offered no new evidence establishing that her administrative appeal was timely filed or that the Commission made a clear material error when it issued its August 29, 2019 decision.  The time to file an appeal to the Commission is established by statute,

N.J.S.A. 11A:2-15, and cannot be waived. <u>Mesghali v. Bayside State Prison</u>, 334 N.J. Super. 617, 621 (App. Div. 2000).

To the extent we have not addressed Beauchamp's other arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Dismissed in part and affirmed in part.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2471-19